DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1903.

---

## P. L. Kessler v. John H. Kedzie.

1. PRESUMPTIONS—*As to Knowledge of the Law.*—A party is conclusively presumed to have knowledge of the law.

2. FOREIGN STATUTES—*Will Not be Enforced When Demands of the State Have Been Satisfied.*—The courts of this state will not enforce the revenue laws of another state, where the demands of that state have been satisfied.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 13, 1903.

Statement.—From the record it appears that December 1, 1893, Eunice C. Covert and her husband borrowed from the defendant in error, John H. Kedzie, $1,500 on their note of even date, payable one year thereafter, with interest at eight per cent per annum and secured by a mortgage to the defendant upon land owned by them in San Diego county, California; that said mortgagors conveyed said property to plaintiff in error October 15, 1894, for $6,000, the plaintiff in error assuming and agreeing to pay said note and mortgage indebtedness: that said indebtedness was not paid when due and allowed to run without special agreement for extension, payments having been made until

(1)

about March 24, 1898, when the balance due on the mortgage indebtedness was paid by Kessler to Kedzie and the mortgage released. At the time of the giving of this mortgage and until its payment there was in existence a California statute which provided:

" Land and improvements thereon shall be separately assessed. * * * A mortgage or other obligation by which a debt is secured shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. * * * In case of debt so secured, the value of the property so affected by such mortgage * * * or obligation, less the value of such security, shall be assessed to the owner of the property, and the value of such security shall be assessed and taxed to the owner thereof, in the county, city or district in which the property affected thereby is situated. The taxes so levied shall be a lien upon the property and security, and may be paid by either party to such security; if paid by the owner of such security, the tax so levied upon the property affected thereby shall become a part of the debt so secured. If the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and to the extent of such payment, a full discharge thereof."

It further appears from the record that there was assessed upon the interest in said land secured by the said mortgage for state and county taxes of the county of San Diego and State of California, for the year 1895, $15.30; for the year 1896, $15.30; for the year 1897, $16.37; and that the mortgage interest for these years was assessed to said Kedzie and the taxes therefor levied and the property sold for non-payment thereof; that Kessler at the time of paying the balance of said mortgage to said Kedzie did not know that said taxes were unpaid.

BULKLEY, GRAY & MORE, attorneys for plaintiff in error.

HENRY C. BEITLER, attorney for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

This suit was brought by plaintiff in error to recover moneys paid by him for taxes assessed to the defendant in error as mortgagee upon his interest in the property secured

by his said mortgage. The Coverts sold the land in question, situated in California, to the plaintiff in error, P. L. Kessler, who assumed and agreed to pay to said Kedzie the mortgage indebtedness, then a lien upon said land. It was stipulated in the mortgage thereby assumed that out of the proceeds of sale, if said mortgage be foreclosed, there will be paid all moneys advanced for "taxes, assessments and other liens." Kessler did not, however, pay the notes and mortgage to Kedzie according to their tenor and terms when due, but obtained the forebearance of said Kedzie during the years when the taxes here claimed for accrued, and finally paid said indebtedness about four years after its maturity and after his undertaking to pay the same.

It may fairly be assumed that Kessler, as owner of the property, paid at least his portion of the taxes assessed against said real estate from year to year, and had most excellent opportunity to learn and ought to have learned that Kedzie had paid no part of the taxes assessed against any portion of said real estate. Kessler knew or ought to have known that the mortgage which he had assumed stipulated that all taxes advanced by said Kedzie, the mortgagee, were to be paid out of the proceeds of said property, if it became necessary to sell the same.

The California statute provided that the owner might pay the entire tax and that the payment thus made should constitute a payment to apply on the mortgage. Kessler is presumed to have known the law and to have known of this stringent provision of the statute to enforce the payment of taxes, and that thereby the legislature had attempted to place the power in his hands to compel the payment by Kedzie of a portion of the taxes. However, Kessler failed to make use of the knowledge of the law which he is conclusively presumed to have had, and according to his own claim failed to exercise diligence sufficient to learn, before he paid Kedzie in full, that Kedzie had not paid the said taxes. It is further to be noted that the parties to the mortgage indebtedness, both mortgagors and mortgagee, were, at the time of making the said notes and mortgage,

residents of the State of Illinois, and it is evident that the contract was made and the entire transaction took place under the laws of the State of Illinois, and that the mortgage on land in California securing the indebtedness was but an incident and not a factor to determine the amount of the indebtedness, nor any other essential element thereof. It can not be consistently claimed that if the taxing power of the State of California had imposed a tax upon the mortgage securities in the land equivalent to the entire interest earned and a portion of the principal that the mortgagors or their grantee, Kessler, could have paid the mortgage security portion of the tax and then have rightly insisted upon a discharge of the mortgage indebtedness to the extent of the taxes thus paid. The most that could reasonably be claimed is that the mortgage indebtedness, so far as it affected the property, would be held to be discharged to the extent of the taxes paid by the owner, but assessed against the mortgage security part of the real estate.

The statute reads: "If the owner of the property shall pay the tax so levied on such security it shall constitute a payment thereon, and to the extent of such payment a full discharge thereof." It may reasonably be held under this language that the payment of taxes will to that extent discharge and release the land from the lien of such mortgage, but not pay the notes. In the case of Blythe v. Luning, 14 Fed. Rep. 281, relied upon by counsel for plaintiff in error, it appears that the mortgagor paid the mortgagee the entire indebtedness, but at the time insisted that the mortgagee should pay the tax. Afterward the mortgagee declined to pay it and the mortgagor, being unable to use his property,.owing to the lien, was compelled to pay the taxes, and so his payment was held to be involuntary, and wrongfully imposed by the mortgagee. In the case at bar Kessler did not pay Kedzie under protest, but according to his own claim, under negligence and mistake which was not mutual, but entirely his own. In San Gabriel V. L. & W. Co. v. Witner, 96 Cal. 623, it was held that where the plaintiff, either by compulsion of the law or

to relieve himself from liability, or to save himself from damage, has paid money, not officiously, which the defendant ought to have paid, assumpsit will lie. In such case the law implies a request on the part of the defendant and a promise to repay. But the record before us and the circumstances of the case fairly raise the presumption that the plaintiff in error, by the terms both of the warranty deed and mortgage, agreed to pay all taxes assessed against said property.

It would appear that such was the construction placed upon the statute by the parties to this contract. Kessler, knowing his privilege under the California statute and failing to exercise reasonable care under the circumstances to know whether the non-resident, Kedzie, had paid any portion of the taxes, voluntarily paid the mortgage indebtedness in full, without demanding any rebate for taxes. If he did not know that Kedzie had not paid the taxes, it is to be answered that he ought to have known, and that his ignorance and negligence lost him the opportunity apparently given by the statute to demand a release from Kedzie of the mortgage upon the payment thereof, less the taxes assessed against the mortgage security.

If the above position were not tenable, we, however, would refuse to hold that the amount of the taxes here sued for could be recovered from Kedzie, upon the broad ground that the courts of this state will not enforce the revenue laws of another state, where, as in this case, the demands of the state have been fully satisfied.

It appears from the evidence that Kedzie was not aware of the California statute relative to taxing mortgages and that he did not know of the existence of the taxes here claimed for, and that no demand was ever made upon him for their payment until the spring of 1901, many years after the maturity of his mortgage and about three years after its discharge. Under the revenue laws of Illinois, "all moneys, credits, bonds and all other personal property owned or controlled by persons residing in this state shall be assessed and taxed." Under this statute the mortgage

in question held by Mr. Kedzie was assessed and he, as a resident of this state paid the taxes thereon. We are therefore of the opinion that the judgment of the Circuit Court in this case should be affirmed.